

12424
WILSHIRE
BOULEVARD

12TH FLOOR

LOS ANGELES
CALIFORNIA
90025

TELEPHONE
310.826.7474

FACSIMILE
310.826.6991

April 13, 2018

Via ECF

The Honorable John G. Koeltl
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Courtroom 12B
New York, NY 10007

   Re: *Mirror Worlds Techs., LLC v. Facebook, Inc.*,
      Civil Action No. 1:17-cv-03473 (JGK)

Dear Judge Koeltl:

Facebook urges the Court to set an early, consolidated summary judgment and *Markman* hearing date, suggesting that the Court could avoid construing most of the claim terms by focusing on two purportedly case-dispositive issues. But Facebook's two issues are nowhere near as narrow as Facebook suggests; the Court would have to construe two-thirds of the disputed terms just to address those two issues. Furthermore, Facebook's assertion that it does not infringe the patents in suit is a fact-bound question that Mirror Worlds ought to have the opportunity to explore according to the Court's discovery schedule.

## I.  Facebook Misrepresents Mirror Worlds' Infringement Contentions

Facebook claims that it can defeat all of Mirror Worlds' infringement contentions by showing that its systems do not contain a time-ordered "main stream." As an initial matter, Mirror Worlds disagrees with Facebook's construction of the term "main stream," as set forth in full in Mirror Worlds' claim construction briefing. The '227 patent refers to a main stream as containing "data units," which Mirror Worlds (and previous court decisions) understand to mean "items of information that are of ***direct user interest***." The alleged fact that not all of the information stored in Facebook's back-end systems have time indicators is irrelevant if that information is not of "direct user interest," or is not part of the relevant accused systems. Furthermore, even if Facebook could show that none of its products infringe the time-ordered "main stream" claim of the '227 and '538 patents, the '439 patent does not contain such a limitation, describing instead a "main collection" of documents with no requirement of chronological order.

Facebook's argument also seriously misconstrues the nature of Mirror Worlds' infringement contentions. Facebook claims that Mirror Worlds accuses *all* the user-related information within Facebook of being a *single* "main stream." According to this flawed characterization, Facebook is asserting that if it stored even one piece of user-related information out of chronological order anywhere across Facebook's various systems and platforms, that would purportedly be enough to defeat Mirror Worlds' infringement contentions. But even if true, which Mirror World disputes,



The Honorable John G. Koeltl
April 13, 2018
Page 2

Mirror Worlds has accused *multiple* systems, platforms, and applications of infringing the patents in suit, as set forth in the Complaint and in Mirror Worlds' infringement contentions. Facebook cannot simply point to a single accused system, claim (without evidence) that it does not infringe, and conclude that none of the accused systems infringe.

But that is exactly what Facebook's letter does. Facebook makes much of its claim that one of its systems, TAO, contains some objects[1] that purportedly lack time indicators, arguing that a lack of time indicators associated with some objects stored in TAO would mean that "Facebook cannot infringe the asserted claims." (Dkt. No. 111, at 2.) Of course, even assuming it is true that TAO had no time indicators, which Mirror Worlds disputes, that does not mean *none* of the accused systems, platforms, and applications infringe.

But Facebook has pointed to no evidence to support its bare assertion that TAO contains objects that lack time indicators, and Mirror Worlds has not yet had the chance to fairly investigate that claim for itself. This is because Facebook made the objects and associations that define the TAO data store available for source code review only *last Friday*—mere hours before filing its letter claiming that TAO proves Facebook does not infringe. It is unclear what additional documents and information Facebook has yet to produce as discovery continues to progress.

The fact that Facebook is only now making TAO objects and associations available for review means that this case is plainly not ready for summary judgment. The question of whether Facebook's accused systems infringe the patents in suit is a fact-intensive inquiry, one that Mirror Worlds deserves to investigate fully before being required to defend against a motion for summary judgment. The Court should not allow Facebook to hurry it into summary judgment proceedings that would prevent Mirror Worlds from receiving a full and fair hearing on the merits.

## II.      The '439 and '538 Patent Claims Are Not Indefinite

As Mirror Worlds explained in detail in its claim construction and reply briefs, the asserted '439 and '538 patent claims are not indefinite. (Dkt. No. 103-1 at 20-25; 110 at 7-10.) Facebook's attempt to inject uncertainty into the plain language of the claims is no basis for summary judgment of invalidity, particularly when Mirror Worlds provided expert testimony from Dr. Eric Koskinen explaining that a person of skill in the art would reasonably understand the scope of the claims and hence not consider them indefinite. (Dkt. No. 100-1 at 28-36; 110-4 at 5-13.)

---

[1] Notably, Facebook claims only that certain TAO *objects* lack time indicators; Facebook makes no claim that any of the *associations* related to such objects and likewise contained in TAO lack time indicators.



The Honorable John G. Koeltl
April 13, 2018
Page 3

Furthermore, advancing the *Markman* hearing to construe the terms that Facebook asserts are indefinite would provide few efficiency benefits, if any. Facebook argues that more than a third of the disputed terms are indefinite. (Dkt. No. 108 at 3, 17-25.) If the Court must construe all the terms Facebook alleges to be indefinite, plus the "main stream" term discussed above, the Court would have to construe two-thirds of the disputed terms to rule on Facebook's proposed motion for summary judgment. This is not a situation where construing one or two key terms could be case-dispositive, much as Facebook might like that to be true. Therefore, the most practical way forward is for the parties to continue engaging in discovery according to the Court's scheduling order.

## III.     Mirror Worlds Is Pursuing Discovery According to the Court's Order

Facebook distorts the facts in order to make it appear that Mirror Worlds has been less than diligent in prosecuting its case. But Mirror Worlds is pursuing discovery according to the schedule set out by the Court and agreed by the parties, and should be allowed to continue doing so.

Given Facebook's recent productions, Facebook must know that discovery in this case is far from complete. In addition to the TAO source code review described above, in recent weeks Facebook has produced some 36,000 pages for Mirror Worlds' review. Such a recent and voluminous production of documents demonstrates that this case is far from ready for summary judgment.

Furthermore, Facebook has been less than forthcoming in its productions; many of its recently produced documents were redacted without comment or explanation and without justification under the Protective Order. Facebook has yet to provide an explanation for the redactions other than claiming that the some of these documents contain source code and are available as part of Facebook's source code review—a fact Facebook admitted only after Mirror Worlds inquired about it.

Facebook scolds Mirror Worlds for run-of-the-mill deposition scheduling difficulties—while failing to recognize that it made the TAO objects and associations available for review well after the original date proposed for the deposition, so that Mirror Worlds would have been unable to ask about that data at the deposition if it had gone forward.

Facebook also takes out of context Mirror Worlds' statement about declining to serve a Rule 30(b)(6) deposition notice. Mirror Worlds was merely pointing out that it was entitled to a full deposition of a witness noticed in his individual capacity, and that Facebook could not force Mirror Worlds to combine a Rule 30(b)(6) deposition with a deposition noticed under Rule 30(b)(1).

Discovery disputes like these are routine, but thorough discovery is particularly important given the scope of Facebook's systems, which are so "vast and



The Honorable John G. Koeltl
April 13, 2018
Page 4

bewildering" that "even Facebook is confused about exactly how it works."[2]  These disagreements do not mean that Mirror Worlds has not prosecuted this case with diligence, or that Facebook is entitled to a premature summary judgment hearing.

Facebook agreed—and the Court ordered—that fact discovery would close on September 28, 2018, and that expert discovery would close on December 14, 2018. (Dkt. No. 35.) Having agreed to that timeline, Facebook should not be permitted to hurry this Court into premature summary judgment proceedings that would do nothing to increase the efficiency of the Court's busy schedule.

Sincerely,

Russ, August & Kabat

*/s/ Benjamin T. Wang*

Benjamin T. Wang
bwang@raklaw.com

BTW:al

---

[2] Kashmir Hill, *People at Facebook Don't Know How Facebook Works*, Gizmodo (Oct. 13, 2017), *available at* https://gizmodo.com/people-at-facebook-don-t-know-how-facebook-works-1819408514.