

Marc Fenster
mfenster@raklaw.com

12424
WILSHIRE
BOULEVARD

12TH FLOOR

LOS ANGELES
CALIFORNIA
90025

TELEPHONE
310.826.7474

FACSIMILE
310.826.6991

April 2, 2021

**Via ECF**

The Honorable John G. Koeltl
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Courtroom 12B
New York, NY 10007

> Re:   *Mirror Worlds Technologies v. Facebook, Inc.*, No. 1-17-CV-3473 (S.D.N.Y.)

Dear Judge Koeltl:

We write on behalf of Plaintiff Mirror Worlds Technologies, LLC in the above-identified civil case. Mirror Worlds respectfully submits this Letter Request for Pre-Motion Conference identifying issues which are amenable to summary judgment by the Court.

### I.   MWT's Anticipated Rule 56 Motion on Certain Facebook Defenses

Summary judgment is appropriate on several defenses Facebook identified in its Answer (Dkt. 29) and in its Second Amended Invalidity Contentions, dated October 30, 2020.

The specific defenses include, from its Answer, its Fourth Defense (on equitable issues), Eighth Defense (on License), and Ninth Defense (on Patent Term). Also included, from various invalidity contentions, are its defenses of written description, enablement, double patenting, unenforceability, and for all prior art references included in its invalidity contentions but for which no supporting expert testimony was provided. These issues are appropriate for summary judgment because Facebook has failed to prosecute the defenses and as a result lacks evidence to maintain them.

### II.   MWT's Anticipated Rule 56 Motion that the '227 Patent is Not Subject to a Marking Requirement Under 35 U.S.C. § 287

Facebook maintains a defense of limitation of damages for the '227 Patent under 35 U.S.C. § 287 for Mirror Worlds' alleged failure to mark. Summary judgment on this issue is appropriate because it depends on a threshold legal issue: Was Mirror Worlds under a duty to mark under § 287 where it has only asserted method claims of the '227 patent? This Court has previously addressed this precise question in *Infernal Technology, LLC v. Take-Two Interactive Software, Inc. See* Dkt. No 50, Sept. 25 Hr'g Tr. at 46:17-48:18, Case 1:19-cv-09359-JGK-KNF (S.D.N.Y. Oct. 9, 2020). In *Infernal Technology*, the Court, relying on Federal Circuit precedent, held that that "*Crown Packaging*, which reflects the current precedent of the Court of Appeals for the Federal Circuit, does not require that the plaintiff mark products when pursuing only method claims." *See id.* at 47:19-48:3 citing *Crown Packaging Techs., Inc. v. Rexam Beverage Can Co.*, 559 F.3d 1308, 1311 (Fed. Cir. 2009) ("the



marking requirement of 35 U.S.C. Section 287(a) does not apply when only method claims of a patent are asserted," even if the patent contains apparatus claims that are not asserted.) Though the '227 patent contains apparatus claims, from its Complaint (Dkt. No. 1 at ¶ 87) to its current narrowed assertions, Mirror Worlds has only ever asserted method claims against Facebook. Thus, summary judgment is appropriate here under *Crown Packaging*.

### III. Mirror Worlds' Anticipated Rule 56 Motion of Validity Over References Lewak, Yanagihara, and Eudora for each of the Asserted Claims of the Asserted Patents for Failing to Disclose a "Main Stream" / "Main Collection" and a "Timestamp"/ "Time Indicator"

Summary judgment of no invalidity based on three of Facebook's asserted prior art references is appropriate because each fails to disclose two limitations present in the asserted independent claims. Facebook asserts invalidity of each of the Asserted Claims of the Asserted Patents (the '227 Patent, the '538 Patent, and the '439 Patent) and Mirror Worlds' proposed summary judgment relates to three of sixprimary references: U.S. Patent No. 5,544,360 ("Lewak"), U.S. Patent No. 5,715,443 ("Yanagihara"), and the Eudora email program ("Eudora"). These references fail to disclose two separate limitations required in each of the Asserted Claims. *First*, they fail to disclose a "main stream" (for the '227 and '538 Patents) / "main collection" (for the '439 Patent). *Second*, they fail to disclose a "timestamp" (for the '227 patent) / "time indicator" (for the '538 and '439 Patents).

The record confirms that there is no genuine dispute of material fact that Lewak, Yanagihara, and Eudora each fail to disclose these limitations. During deposition, Facebook's expert with respect to validity, Mr. Stephen Gray, was unable to identify a main stream or main collection that met either party's proposed construction of the terms, as he admitted to numerous data units or documents received by the alleged computer systems that were not stored in the main stream or main collection. Likewise, based on Mr. Gray's deposition testimony and the prior art references themselves, there is no genuine material dispute that the alleged data units or documents that were included in what Mr. Gray points to as the supposed main stream or main collection lack the required timestamp (under either party's proposed construction) or time indicator. There is thus no genuine issue of material fact as to whether Lewak, Yanagihara, and Eudora disclose the above identified limitations, making judgment as a matter of law in favor of Mirror Worlds appropriate.

### IV. Mirror Worlds' Anticipated Rule 56 Motion of Validity of the '538 Patent and '439 Patent Over All Prior Art References for Failing to Disclose a "Glance View"

Each of the Asserted Claims of the '538 Patent and '439 Patent require a "glance view" that is displayed "in response to touching with a cursor a screen area associated with the document" for the '538 Patent, *see* '538 Patent, Col. 16, ll. 55-58 (Asserted Claim 1, the only asserted independent claim), or "by interacting with a screen area associated with the graphical depiction, without requiring the user to click on the designated screen area in order to enable such showing of the glance view," *see* '439 Patent, Col 17, ll. 42-47 (Asserted Claim 1, the only asserted independent claim). The Court is able to resolve this issue with a single determination – whether references that describe a partial view when a



user *clicks* or makes some other *pressing of a key* discloses limitations that require a glance view to be shown "without requiring the user to click" for the '439 Patent or "in response to touching with a cursor a screen area" for the '538 Patent which the specification makes clear is not satisfied by a user pressing or clicking a button. *See* '538 Patent, Col. 7, ll. 32-44; Col 13, ll. 15-26.

In both his expert report and during deposition, Facebook's expert on validity issues, Mr. Gray, identified purported glance view disclosures in the alleged prior art references that appear only after a user either *clicks* on some part of the screen or by some other *pressing of a key*. Thus, Facebook has not shown disclosure of the "glance view" terms and makes this narrow, clear issue ripe for summary judgment determination by the Court.

## V. **Mirror Worlds' Anticipated Rule 56 Motion That The Asserted Patents Are Directed to Patent-eligible Subject Matter under 35 U.S.C. § 101**

Mirror Worlds understands from conferring with Facebook that Facebook intends to seek summary judgment that the Asserted Patents are not patent-eligible under § 101. In doing so, it will be the *third* attempt to invalidate one or more of these patents under § 101. No previous attempt has been successful. To put finality to the issue of patent-eligibility in this case, Mirror Worlds seeks permission to cross-move (preferably, or brief separately if the Court prefers) for summary judgment that the asserted patents are directed to patent-eligible subject matter.

The Asserted Patents are directed to improvements in computer functionality, particularly improvements in the way documents or data units are stored on computer systems to make interacting with those computer systems better (in numerous ways) for the user. This is not just the opinion of Mirror Worlds, but also of another district court and the PTAB. The PTAB, in *Apple, Inc. v. Mirror World Techs. LLC*, CBM2016-00019, Paper 12 at 16-17 (PTAB May 26, 2016) denied institution and determined that "the challenged '227 patent claims do not recite an abstract idea' and "are directed to an improvement in computer functionality." *See also Mirror World Techs. LLC v. Apple, Inc.*, No. 6:13-cv-00419 RWS, 2015 WL 6750306, at *7-10 (E.D. Tex. July 7, 2015) (holding that the '227 Patent addresses a problem "specific to the field of computer operating systems and the claimed solution purport[s] to improve the functioning of the computer itself," and therefore the asserted claim "is accordingly rooted in computer technology in order to overcome a problem specifically arising in the realm of computers") Those decisions correctly found patent eligibility. All of the Asserted Claims are directed to improving computer functionality and not directed to patent-ineligible subject matter and, as a matter of law, Facebook will not be able to show otherwise let alone by clear and convincing evidence.

Respectfully submitted,

*/s/ Marc Fenster*

Marc A. Fenster

Cc: All counsel of record