Cooley

Heidi L. Keefe
T: +1 650 843 5001
hkeefe@cooley.com

Hon. Judge John G. Koeltl
U. S. District Court S.D.N.Y.
500 Pearl Street
New York, NY 10007

**Re: *Mirror Worlds Technologies v. Facebook*, No. 1:17-cv-3473 JGK (S.D.N.Y.)**

Dear Judge Koeltl:

Pursuant to the scheduling order (D.I. 207), Facebook, Inc. respectfully submits this request to file a motion for summary judgment of invalidity and non-infringement as set forth below. The parties met-and-conferred telephonically on April 1, 2021, and are continuing to confer to try to narrow the issues.

**I. The Asserted Claims Are Invalid Under 35 U.S.C. § 101**

The asserted claims present a straightforward case of patent-ineligible subject matter under 35 U.S.C. § 101. Under the familiar *Alice* test, the Court first determines if the claims are directed to an abstract idea. *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 217 (2014). If so, the Court then determines whether the additional claim elements recite an "inventive concept" sufficient to transform the nature of the claims into a patent-eligible application. *Id*.

The first step "looks at the character of the claim as a whole, evaluating its 'basic thrust.'" *Personal Beasties Group v. Nike*, 341 F. Supp. 3d 382, 387 (S.D.N.Y. 2018) (Koeltl, J.), *aff'd* 792 F. App'x 949 (Fed. Cir. 2020). The "basic thrust" of the claims here is the abstract idea of organizing information by time. The specification describes a model "for managing personal electronic information which uses a time-ordered stream as a storage model and stream filters to organize, locate, summarize and monitor incoming information." ('227, 3:62-65.) The term "stream" refers to "a time-ordered sequence of documents that functions as a diary of a person or an entity's electronic life." ('227, 4:6-8.) The inventors did not choose time-ordering for a technological reason – they chose it because "[t]ime-based ordering is a natural guide to experience." ('227, 4:21-23.) This is reflected in representative claim 13. ('227, 16:9-25.)

But storing, organizing, and retrieving information on time-based ordering is a longstanding, non-computer based practice. Humans have long organized information based on time in diaries, journals, and calendars. The asserted claims simply take this technique and place it on a computer. *See Personal Beasties*, 341 F. Supp. 3d at 388.

The claims do not recite anything that would transform the abstract idea into a patent eligible invention. The claims merely recite generation of a "main stream" (or "main collection") and "substream," without technical details as to *how* the streams are organized on a computer.

The claimed organization of data into time-ordered "streams" thus amounts to nothing more than "organizing … information into a new form," which cannot provide an inventive concept. *Digitech Image Techs. v. Elecs. for Imaging*, 758 F.3d 1344, 1351 (Fed. Cir. 2014).

Mirror Worlds will likely cite a 2016 Patent Office decision in previous litigation involving Apple which found that the '227 patent is not directed to an abstract idea. But this decision is not binding, was not appealable and issued five years ago when there were few cases applying *Alice* in the software context. The years that followed produced dozens of Federal Circuit decisions invalidating similar claims that used a computer to organize and present information. *E.g., Elec. Commc'n Techs. v. ShoppersChoice.com*, 958 F.3d 1178, 1181-83 (Fed. Cir. 2020); *Trading Techs. Int'l v. IBG*, 921 F.3d 1378, 1384-85 (Fed. Cir. 2019); *SAP Am. v. Investpic*, 898 F.3d 1161, 1167-70 (Fed. Cir. 2018); *Intellectual Ventures I v. Capital One Fin.*, 850 F.3d 1332, 1340 (Fed. Cir. 2017); *Elec. Power Grp. v. Alstom S.A.*, 830 F.3d 1350, 1353-55 (Fed. Cir. 2016). The *Apple* decision would have come out the other way under current law.

## II. The Asserted Claims Are Not Infringed

If the Court agrees that the asserted claims are invalid, it need not reach any other issue. Nevertheless, additional grounds of summary judgment exist.

### A. "Main Stream" and "Main Collection" (All Asserted Claims)

The Federal Circuit's reversal of the summary judgment order was premised in large part on the early timing of the motion. *Mirror Worlds Techs. v. Facebook*, 800 F. App'x 901, 910 (Fed. Cir. 2020) ("Given that discovery is still open, Mirror Worlds may still muster evidence to prove its claim."). The Federal Circuit made clear its decision was "without prejudice to otherwise-appropriate consideration of non-infringement contentions on remand, especially once the record is fully developed." *Id*. Mirror Worlds has not changed its theory, and we now have the "fully developed" record, confirming that Facebook does not infringe any asserted claim.

Post-remand discovery confirmed that the Multifeed Leaves and TimelineDB – the alleged "main stream/collection" – do not contain every data unit received or generated by the Multifeed and Timeline Backend systems (the alleged "computer systems"). Documents, source code, testimony from engineers, and experts, all confirm that these systems receive numerous data units not contained in the TimelineDB or Leaves. For example, the Timeline Backend receives data units such as the user's birthday, family members, major life events, and events they have attended – which are **not** contained in the TimelineDB. Similarly, the News Feed system receives data units **not** contained in the Leaves such as the identity of the user's friends, groups the user has joined, pages the user has liked, and additional ranking and advertising data that is used by the Multifeed Aggregator to produce News Feed stories. None of this evidence was available during summary judgment because Mirror Worlds first presented this theory in its sur-reply to which Facebook could not respond with additional evidence. (D.I. 162.) And none of this is disputed.





### B. "Glance View" Limitations (All Asserted Claims of '538/'439 Patents)

The asserted independent claims of the '538 and '439 patents also require display of a "**glance view**" of a document. The claims require that the "glance view" be "**an abbreviated version of the document**" and "**indicative of content thereof**." ('538, 16:59-60 (claim 1), '439, 17:39-41 (claim 1).) But Mirror Worlds' alleged glance view does not meet these limitations because it merely displays information about the author (or source) of the alleged document, and nothing about its content. The identity of an author or source of a document tells you nothing about its content. Mirror Worlds' theory is akin to arguing that the name "Mark Twain" somehow provides an abbreviated version of the more than two dozen books he wrote and published. Because Facebook does not display a "glance view," it does not infringe these patents.

### C. Unsupported Dependent Claims ('227, '538, '439 Patents)

A straightforward *Celotex* summary judgment also exists for claims for which Mirror Worlds has offered no evidence: claim 22 of the '227 patent, claims 5-6 of the '538 patent, and claim 7 of the '439 patent. Mirror Worlds relies on its technical expert to show infringement, but its expert offered no analysis for claim 22 of the '227 patent. For the above-mentioned claims of the '439 and '538 patents, the expert made no attempt to show that their additional limitations are satisfied; his report merely copies-and-pastes text from an earlier part of his report discussing the independent claim. But each claim recites additional limitations that are never mentioned, let alone addressed, by Mirror Worlds' expert. Summary judgment should be granted as to these claims.

## III. No Evidence Supporting Enhanced Damages for Willful Infringement

Mirror Worlds seeks enhanced damages based on alleged willful infringement. The Supreme Court has explained "[t]he sort of conduct warranting enhanced damages has been variously described in our cases as willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Halo Elecs. v. Pulse Elecs.*, 136 S. Ct. 1923, 1932 (2016).

Mirror Worlds has no evidence from which a reasonable jury could find that Facebook acted willfully. It is undisputed that Mirror Worlds never accused Facebook of infringement before filing suit. The sole evidence that Facebook had alleged pre-suit knowledge of the patents is a December 2011 "Investment Opportunity" offering the patents for sale. The memorandum does not mention Facebook, let alone contain any allegation or suggestion that Facebook infringes. Summary judgment is thus appropriate on this ground.

Respectfully submitted,

*/s/ Heidi L. Keefe*