```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

MIRROR WORLDS TECHNOLOGIES,
LLC,

               Plaintiff,              New York, N.Y.

          v.                           17 Civ. 3473 (JGK)

FACEBOOK INC.,

               Defendant.
------------------------------x
                                       May 27, 2020
                                       2:30 p.m.
Before:

                    HON. JOHN G. KOELTL,

                                       District Judge



                         APPEARANCES


RUSS, AUGUST & KABAT
     Attorneys for Plaintiff
BY:  MARC A. FENSTER
BY:  CHARLES R. MACEDO
BY:  BENJAMIN T. WANG

COOLEY, LLP
     Attorneys for Defendant
BY:  HEIDI L. KEEFE
BY:  PHILLIP E. MORTON
```

1                  (Case called)

2                  LAW CLERK:  All parties stay who they are, starting
3      with plaintiff's counsel.

4                  MR. WANG:  Good afternoon, your Honor.  This is Ben
5      Wang from Russ, August & Kabat on behalf of the plaintiff
6      Mirror Worlds Technologies.  I am joined on today's call by my
7      colleagues Marc Fenster and Charlie Macedo.

8                  THE COURT:  Good afternoon.

9                  MS. KEEFE:  Good afternoon, your Honor.  This is Heidi
10     Keefe from Cooley representing Facebook, and with me on the
11     line is my colleague Phil Morton.

12                 THE COURT:  Good afternoon, all.  It is good to talk
13     to you.  Thank you for making yourselves available for the
14     call.  I have the parties' 26(f) report, it was a very thorough
15     report.  Thank you.

16                 There are two, as I see it, disagreements between the
17     parties; one is with respect to how much more time for fact
18     depositions.  Mirror Worlds wants 90 hours, Facebook wants to
19     stay with 70 hours, per side.  That difference doesn't seem
20     very substantial to me.  It comes down to about three
21     additional days per side for the depositions and I think that's
22     reasonable so I think the Mirror Worlds' proposal for the 90
23     hours rather than 70 should be adopted.

24                 The second issue is the close of fact discovery which
25     would be page 7 of the 26(f) report.

1              UNIDENTIFIED SPEAKER:  Inner City Press.

2              THE COURT:  I'm sorry?

3              UNIDENTIFIED SPEAKER:  Inner City Press.

4              THE COURT:  I can't hear you.

5              I should say, if one of the parties speaks you should

6    say who you are before speaking.  And, it is not at all clear

7    to me that that was even a party who was interjecting.

8              So, the question is when is the close of fact

9    discovery.  Facebook proposed July 21; Mirror Worlds proposed

10   October 30.  Realistically, given the problems of the pandemic,

11   which is plainly still affecting --

12             UNIDENTIFIED SPEAKER:  I would just note that it was

13   listed as a notable proceeding in the District Executive's

14   distribution --

15             THE COURT:  Whoever is talking, please, don't talk.

16             UNIDENTIFIED SPEAKER:  Sure.

17             THE COURT:  The reporter can't get you down.  And, I

18   am talking.  So, when I am finished talking the parties can

19   then talk.  And, before talking any party should identify --

20             UNIDENTIFIED SPEAKER:  No.  No.  No.  No.  No, Bro.

21             THE COURT:  Stop it.  Whoever is saying "No.  No." put

22   yourself on mute --

23             UNIDENTIFIED SPEAKER:  Now I can't --

24             THE COURT:  -- because you are interrupting.

25             UNIDENTIFIED SPEAKER:  I don't believe in that.  I'm

1   sorry.  I don't fucking believe in this.

2          THE COURT:  Please, stop.

3          UNIDENTIFIED SPEAKER:  I don't think that's possible.
4   I am not fucking bowing out (inaudible) shit.

5          THE COURT:  On page 7, the Mirror Worlds proposal was
6   October 30 and the Facebook proposal was July 21.  In view of
7   the pandemic --

8          UNIDENTIFIED SPEAKER:  No.  No.  No.  No.  No.  No.

9          THE COURT:  -- it's reasonable -- stop it.

10         It is reasonable to say that the close of fact
11  discovery should be October the 30th, which would then lead to
12  expert reports on December 4.  The letter, with respect to
13  dispositive motions, should be February 5, not February 19.
14  The schedule for dispositive motions, if there are going to be
15  dispositive motions, should then be March 5th; opposition,
16  March 26th; replies, April 9th.  The subsequent dates are
17  geared to decision on the dispositive motions for a date if
18  there is no dispositive motions.  If there is no dispositive
19  motions then the motions *in limine* should be due February 19,
20  which is the same date then for joint pretrial order and voir
21  dire, responses would then be due February 26.

22         I think that takes care of all of the dates.  If I
23  have misspoken on any of the dates or these dates cause a
24  problem for either side, I welcome you to negotiate it between
25  yourselves or to get back to me.  You have both been very

cooperative in the litigation and it would be useful for me if you took the schedule and put it into a new scheduling order which I can then -- which you can submit to me and I can then adopt.

So, having set out all of that out, I would be prepared to listen to anything that counsel for Mirror Worlds or Facebook would like to tell me. So, let me start with counsel for Mirror Worlds and please say who you are for the record before talking. And, whoever it is who may be an outsider listening in; you are listening in, you are not participating. It is for the lawyers to talk.

UNIDENTIFIED SPEAKER: Yeah, I'm --

THE COURT: If I had a marshal here and there were someone talking out of turn in the courtroom, I would have that person removed. So, let's start with Mirror Worlds.

Mr. Wang?

MR. WANG: Yes, this is Mr. Wang. This is Ben Wang, counsel for Mirror Worlds.

Your Honor, I have no idea what is going on with that background person speaking so it is definitely not on our side. My only question, your Honor, is just a clarification on the dates. You indicated that the dispositive motion date was March 5th.

THE COURT: Right.

MR. WANG: Then my question is the motion *in limine*

1  dates seem potentially inconsistent because I took down a
2  February 19th date for the motion *in limine*s which would be
3  before --
4           THE COURT:  That's if no dispositive motion is made.
5           MR. WANG:  Oh, I see your Honor.  Understood.  I
6  apologize.
7           THE COURT:  Right.
8           MR. WANG:  And then just because I had some technical
9  difficulties, I did not catch the response and reply deadlines
10 for the motions *in limine* if there are no dispositive motions
11 filed and if you could repeat that, I would appreciate that.
12          THE COURT:  The motions *in limine*, the joint pretrial
13 order, and the voir dire, would all be due February 19 and the
14 responses would be due February 26th.
15          MR. WANG:  Okay.  Understood.  That's it for the
16 plaintiff, your Honor.
17          UNIDENTIFIED SPEAKER:  Settlement conference can be --
18          THE COURT:  Ms. Keefe?
19          MS. KEEFE:  Thank you, your Honor.  This is Heidi
20 Keefe.  And, I don't believe it is anyone from our line as well
21 so far as the technical oddities.
22          We understand what your Honor is saying and we
23 appreciate that.  I would just also volunteer that I have had
24 numerous other cases going through the close of discovery
25 during the pandemic and video depositions do work well and we

1  will endeavor to work closely with plaintiff throughout this to
2  make sure that we are doing what's right and safe for everyone
3  but there are ways to do these things even during these bad
4  times.
5           THE COURT:  Well, thank you, and I wish you well.  I
6  think that the schedule is a reasonable schedule and I wish you
7  well in concluding it.  I take it then from both sides there
8  will be no requests for any extensions.  That's plainly your
9  view; right, Ms. Keefe?
10          MS. KEEFE:  Your Honor, this is Heidi Keefe.
11          That is in fact my view.  Absolutely.  Obviously, I
12  can't predict everything that might happen and so there is
13  always a chance, but I absolutely believe that everything can
14  be done in this time period.
15          Thank you, your Honor.
16          THE COURT:  And Mr. Wang?
17          MR. WANG:  Your Honor, yes, that's our hope as well.
18          THE COURT:  Great.  Okay.  Is there anything else for
19  me today?
20          MR. WANG:  Not from the plaintiff, your Honor.
21          MR. MORTON:  Not from defense, your Honor.  But I know
22  we can always reach you if we need you.  So, we very much
23  appreciate it.  And, we are happy to be back in your court.
24          THE COURT:  Okay.  Absolutely.  If anything comes up
25  that you need me, please, just write me a letter and I am happy

K5R5mirC                     telephone conference

1   to have a conference with you.  And, as you correctly point
2   out, I am always reachable.
3           Okay.  Great.  Good to talk to you all.  Be well and
4   safe.
5           MS. KEEFE:  Thank you, your Honor.  You do the same.
6   Thank you.
7           MR. WANG:  Thank you, your Honor.
8           THE COURT:  Okay.  Bye.
9                                o0o

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300